Thursday, June 2. The Court pronounced the following opinion and decree :
“ The Court of Chancery having admitted the deposi- “ tion of Thomas Buckner, although the same was taken “ near two years after the cause was set for hearing, as evi- “ dence against the defendant Courtney who is the executor “ of William Courtney, deceased, who was the executor of W. ‘‘ Harwood, deceased, against whom, were he still living, “ the complainant Burwell would, in the opinion of this “ Court, have been entitled to relief against the judgment “ complained of, and no objection appearing in the record, “ this Court presumes that good cause was shewn for such “ admission, as to that defendant; but the irregularity in “ taking that deposition made it improper to admit the “ same in evidence against the defendant Stubbs : an ob- “ jection of which the Court of Chancery seems to have “ been apprised ; but nevertheless proceeded to render a “ final decree in the cause, decisive in its operation not on- “ ly against the defendant Courtney but the -defendant “ Stubbs likewise. From the matter contained in that de- “ position, if it had been regularly taken, so as to have “ been admissible as evidence against all the parties, this “ Court would have approved of the decree : but not being “ admissible, nor admitted against the defendant Stubbs, M this Court is of opinion that the Court of Chancery “ ought not to have proceeded to render a final decree “ in the cause : for if the Court were satisfied that the “ complainant was entitled to the relief sought, and that “ from the alleged insolvency of William Harwood's es- “ tate, the only relief which could be afforded him was *541 14 by a perpetual injunction to the judgment obtained “ against him by the executors of the said William Har44 wood., the fact of the insolvency of Harwood’s estate “ ought to have been inquired into ; and an opportunity “ ought also to have been afforded the plaintiff to take the “ deposition of Thomas Buckner de novo, giving due no- “ tice thereof to the defendant Stubbs, that he might-not “ be concluded by the evidence of a witness whom he had “ no opportunity to cross-examine. Upon these grounds “ this Court doth decree and order that so much of the “ decree aforesaid as perpetuates the injunction awarded “ the complainant to stay all further proceedings on the “ replevy bond in the bill mentioned in behalf of the said “ Harwood’s representatives, be affirmed ; and that the 44 said decree be reversed so far as it relates to the defend- “ ant Stubbs, and that the appellee pay to the appellant his 44 costs, &c.
“ And the cause is remanded to the said Superior Court “ of Chancery for such further proceedings therein to be 44 had, in respect to the defendant Stubbs, as may enable “ that Court to render a final decree as to him, according 44 to the principles of equity. And with this further direc44 tion, that if, upon the coming in of that deposition, (or “ in the event of the want of it, by reason of the death of “ the witness or otherwise,) the said Court of Chancery 44 should be of opinion that the complainant’s equity, as 44 against Stubbs, is not sustained according to the princi44 pies, which, under the opinion of this Court, go to sustain 44 it against the representatives of Harwood ; that then and 44 in that case the said Court shall institute and set 44 on foot such proceedings, tending to inquire into the 44 solvency of the said Harwood, as the said Court may think 44 conducive to justice, if desired by the complainant ; “ and also institute an inquiry as to the real value of the “ consideration paid by Harwood, for the bond aforesaid; 44 which sum, with interest, shall limit the amount of the 44 sum, for which the said complainant shall be, in that event, 44 considered liable.”